FILED
MARY L. SWAIN
BUTLER COUNTY
CLERK OF COURTS
06/27/2022 11:07 AM
CV 2022 06 1092

**IN THE COURT OF COMMON PLEAS**
**BUTLER COUNTY, OHIO**

| | | |
|---|---|---|
| GHASSAN ABU HALIMEH | ) | CASE NO. |
| 10875 Ponds Lane | ) | |
| Cincinnati, OH 45242 | ) | JUDGE: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR DAMAGES** |
| | ) | **AND INJUNCTIVE RELIEF** |
| JUNGLE JIM'S MARKET, INC. | ) | |
| 5440 Dixie Highway, | ) | **JURY DEMAND ENDORSED** |
| Fairfield, OH 45014 | ) | **HEREIN** |
| | ) | |
| **Serve Also:** | ) | |
| JUNGLE JIM'S MARKET, INC. | ) | |
| c/o Joan C Bonaminio | ) | |
| Statutory Agent | ) | |
| 10 Fairwood Court, | ) | |
| Fairfield, OH 45014 | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, Ghassan Abu Halimeh, by and through undersigned counsel, as his Complaint against the Defendant, states and avers the following:

**PARTIES**

1. Abu Halimeh is a resident of the city of Cincinnati, Hamilton County, Ohio.

2. Defendant JUNGLE JIM'S MARKET, INC., ("Jungle Jim's") is a domestic for-profit corporation that conducts business within the state of Ohio.

3. The relevant location of the events and omissions of this Complaint took place was 5440 Dixie Highway, Fairfield, OH 45014.

4. Jungle Jim's is, and was at all times hereinafter mentioned, Abu Halimeh's employer within the meaning of Title VII of the Civil Rights Act of 1964 ("Title VII") 42 U.S.C §2000e, the Americans with Disability Act ("ADA") 42 U.S.C. §12101, and R.C. § 4112 et seq.

1

5. Within 300 days of the adverse employment actions described herein, Abu Halimeh filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 473-2021-01181 ("EEOC Charge").

6. On or about March 15, 2022, the EEOC issued and mailed a Notice of Right to Sue letter to Abu Halimeh regarding the EEOC Charge.

7. Abu Halimeh received the Notice of Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 200e-5(f)(1), which had been attached hereto as Plaintiff's Exhibit 1.

8. Abu Halimeh has filed this Complaint on or before the 90-day deadline set forth in the Notice of Right to Sue letter.

9. Abu Halimeh has properly exhausted all administrative remedies pursuant to 29 C.R.F. § 1614.407(b).

## JURISDICTION & VENUE

10. All of the material events alleged in this Complaint occurred in or around Butler County, Ohio.

11. Therefore, personal jurisdiction is proper over Defendant pursuant to R.C. § 2307.382(A)(1) and/or (3).

12. Venue is proper pursuant to Civ. R. 3(C)(1), (3), and/or (6).

13. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

## FACTS

14. Abu Halimeh is a former employee of Jungle Jim's.

15. Abu Halimeh started working at Jungle Jim's June 6, 2020, as a seafood department manager until Jungle Jim's unlawfully terminated Abu Halimeh's employment around November 2020.

16. At all times noted herein, Abu Halimeh was fully qualified for, and could fully perform the essential functions of his position with Jungle Jim's.

17. Abu Halimeh is Muslim, was born in Jordan, and suffered a stroke, placing him in protected classes for religion, race/national origin, and disability.

18. Abu Halimeh gave notice to Jungle Jim's of his various protected classes during his employment.

19. Abu Halimeh did not face any issues in his early employment.

20. Abu Halimeh's manager, Ross Carrol, asked him in early July 2020 if he was Muslim to which Abu Halimeh said yes and told him he was born in Jordan.

21. Upon learning that Abu Halimeh was Muslim and Middle Eastern, Carrol started treating him differently.

22. Carrol spoke rudely to Abu Halimeh and gave him the cold shoulder.

23. On one occasion, Abu Halimeh was packing some products and suggested putting more ice in the cooler.

24. Carrol snapped "How in the fuck will that create more room?"

25. Carrol did not use profane language or act unprofessionally with any other Caucasian, American-born, or Christian employee.

26. Carrol was not given a verbal warning as a result of his discriminatory remarks to Abu Halimeh

27. Carrol was not given a written warning as a result of his discriminatory remarks to Abu Halimeh.

28. Carrol's employment at Jungle Jim's was not suspended as a result of his discriminatory remarks to Abu Halimeh.

29. Carrol's employment at Jungle Jim's was not terminated as a result of his discriminatory remarks to Abu Halimeh.

30. Around this time, Abu Halimeh complained to another seafood manager, Tim LNU, that he was being treated differently due to his race, national origin, disabled status, and religion.

31. This was a protected complaint for discrimination on the basis of religion, disability, race, and national origin.

32. In August 2020, Abu Halimeh had a meeting with Carrol and the crew about future management.

33. Carrol was leaving his position and needed someone to take the role.

34. Abu Halimeh was in line take over the management position due to his experience and qualifications.

35. Abu Halimeh applied for the management position.

36. Right before the meeting, Carrol pulled Abu Halimeh over and told him that he intended to hire Tim LNU as the manager.

37. Tim LNU took the managerial position.

38. Not giving Abu Halimeh the position and giving it instead to an employee who was much less experienced was an adverse employment action against Abu Halimeh.

39. This failure to promote Abu Halimeh was an adverse employment action against him.

40. Jungle Jim's cited reason, or lack thereof, for passing over Abu Halimeh for a promotion was pretext.

41. Jungle Jim's actually passed over Abu Halimeh for a promotion discriminatorily against his race, national origin, religion, and/or disability.

42. In or around September 2020, Abu Halimeh needed to go to the Jordanian embassy in Washington DC for his father and took time off.

43. On or around September 13, 2020, when Abu Halimeh was about to return to work the next day, he suffered a stroke.

44. Abu Halimeh was immediately hospitalized.

45. As a result of suffering from a stroke, Abu Halimeh is and was considered disabled within the meaning of R.C. § 4112.01(A)(13).

46. As a result of suffering from a stroke, Abu Halimeh is and was considered disabled within the meaning of the ADA.

47. Abu Halimeh was not able to speak or move during his stay at the hospital.

48. Abu Halimeh's wife, Yesmin Kourdi, contacted Jungle Jim's and spoke to Tim LNU to inform them Abu Halimeh wouldn't be able to come in due to the stroke.

49. This put Jungle Jim's on notice of Abu Halimeh's disability.

50. Tim LNU told Kourdi he would hold Abu Halimeh's position until he recovered.

51. In or around late October/early November 2020, Abu Halimeh called Tim LNU to ask why no one was calling him to return to work.

52. Tim LNU told Abu Halimeh he didn't know why he wasn't being called back, but would find out, and that he thought Abu Halimeh was mistreated in his managerial position.

53. Tim LNU told Abu Halimeh the next day that they had no intention of rehiring him.

54. This conversation, in or around early November 2020, constituted Abu Halimeh's termination from Jungle Jim's. This was an adverse employment action against him.

55. Abu Halimeh then contacted the store manager Kathy Dick to ask if he could return and to give information about his hospital visit.

56. Dick told Abu Halimeh there were no openings available.

57. Abu Halimeh kept following up with Dick, but her answer remained unchanged.

58. Abu Halimeh then contacted manager Nick LNU to report he was being terminated without reason.

59. Nick LNU said he would find out and call Abu Halimeh back, but he never did.

60. Abu Halimeh requested a termination letter in January 2022, but never received it.

61. Around November 2020, Abu Halimeh was actually terminated discriminatorily and in retaliation for repeated complaints of disparate and negative treatment.

62. Defendant did not proffer a legitimate non-discriminatory reason for terminating Abu Halimeh.

63. As a result of being constantly harassed and insulted on the basis of Abu Halimeh's disability, religion, and national origin during his employment at Jungle Jim's, being passed over for a promotion, and being wrongfully terminated from Jungle Jim's, Abu Halimeh has suffered severe emotional distress, anxiety, and depression.

64. The above facts demonstrate that Defendant engaged in a pattern and practice of race discrimination.

65. The above facts demonstrate that Defendant engaged in a pattern and practice of unlawful retaliation.

66. There was a causal connection between Abu Halimeh's race and Defendant's termination of Abu Halimeh.

67. There was a causal connection between Abu Halimeh's disability and Defendant's termination of Abu Halimeh.

68. As a result of Defendant's acts and omissions, Abu Halimeh has suffered, and will continue to suffer, damages.

6

## **COUNT I: DISABILITY DISCRIMINATION UNDER THE ADA**

69. Abu Halimeh restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

70. Abu Halimeh suffered from a stroke.

71. Abu Halimeh is disabled.

72. In the alternative, Jungle Jim's perceived Abu Halimeh as being disabled.

73. Abu Halimeh's condition constituted a physical impairment.

74. Abu Halimeh's condition substantially impaired one or more of his/her major life activities including working.

75. Jungle Jim's perceived Abu Halimeh's condition to substantially impair one or more of his major life activities including working.

76. Around November 2020, Defendant terminated Abu Halimeh's employment without just cause.

77. Defendant purportedly terminated Abu Halimeh's employment based on a lack of communication about his disability.

78. Defendant terminated Abu Halimeh's employment based his disability.

79. Defendant terminated Abu Halimeh's employment based his perceived disability.

80. Defendant violated the ADA when it discharged Abu Halimeh based on his disability.

81. Defendant violated the ADA when it discharged Abu Halimeh based on his perceived disability.

82. Jungle Jim's violated the ADA by discriminating against Abu Halimeh based on his disabling condition.

83. Jungle Jim's violated the ADA by discriminating against Abu Halimeh based on his perceived disabling condition.

84. Abu Halimeh suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to the ADA.

85. As a direct and proximate result of Defendant's conduct, Abu Halimeh suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT II: DISABILITY DISCRIMINATION UNDER R.C. §4112 et seq.

86. Abu Halimeh restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

87. Abu Halimeh suffered from a stroke.

88. Abu Halimeh is disabled.

89. In the alternative, Jungle Jim's perceived Abu Halimeh as being disabled.

90. Abu Halimeh's condition constituted a physical impairment.

91. Abu Halimeh's condition substantially impaired one or more of his/her major life activities including working.

92. Jungle Jim's perceived Abu Halimeh's condition to substantially impair one or more of his major life activities including working.

93. Around November 2020, Defendant terminated Abu Halimeh's employment without just cause.

94. Defendant purportedly terminated Abu Halimeh's employment based on a lack of communication about his disability.

95. Defendant terminated Abu Halimeh's employment based his disability.

8

96. Defendant terminated Abu Halimeh's employment based his perceived disability.

97. Defendant violated R.C. § 4112 et seq. when it discharged Abu Halimeh based on his disability.

98. Defendant violated R.C. § 4112 et seq.  when it discharged Abu Halimeh based on his perceived disability.

99. Jungle Jim's violated R.C. § 4112 et seq.  by discriminating against Abu Halimeh based on his disabling condition.

100. Jungle Jim's violated R.C. § 4112 et seq. by discriminating against Abu Halimeh based on his perceived disabling condition.

101. Abu Halimeh suffered emotional distress as a result of Defendants' conduct, and is entitled emotional distress damages pursuant to R.C. § 4112 et seq.

102. As a direct and proximate result of Defendant's conduct, Abu Halimeh suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

**COUNT III: RACE/NATIONAL ORIGIN DISCRIMINATION UNDER TITLE VII**

103. Abu Halimeh restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

104. Throughout his employment, Abu Halimeh was fully competent to perform his essential job duties.

105. Ross Carrol treated Abu Halimeh differently than other similarly situated employees based on his race/national origin.

106. Ross Carrol violated Title VII by discriminating against Abu Halimeh due to his race/national origin.

107. On or about November 2020, Jungle Jim's terminated Abu Halimeh without just cause.

108. At all times material herein, similarly situated non-Arabic employees were not terminated without just cause.

109. Defendant terminated Abu Halimeh based on his race.

110. Defendant violated Title VII when it terminated Abu Halimeh based on his race.

111. Abu Halimeh suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to Title VII.

112. As a direct and proximate result of Defendant's conduct, Abu Halimeh has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

**COUNT IV: RACE/NATIONAL ORIGIN DISCRIMINATION UNDER R.C. §4112 et seq.**

113. Abu Halimeh restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

114. Throughout his employment, Abu Halimeh was fully competent to perform his essential job duties.

115. Ross Carrol treated Abu Halimeh differently than other similarly situated employees based on his race/national origin.

116. Ross Carrol violated R.C. § 4112 et seq. by discriminating against Abu Halimeh due to his race/national origin.

117. On or about November 2020, Jungle Jim's terminated Abu Halimeh without just cause.

118. At all times material herein, similarly situated non-Arabic employees were not terminated without just cause.

119. Defendant terminated Abu Halimeh based on his race.

120. Defendant violated R.C. § 4112 et seq. when it terminated Abu Halimeh based on his race.

121. Abu Halimeh suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112 et seq.

122. As a direct and proximate result of Defendant's conduct, Abu Halimeh has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

<u>**COUNT V: RELIGIOUS DISCRIMINATION UNDER TITLE VII**</u>

169. Abu Halimeh restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

170. Throughout his employment, Abu Halimeh was fully competent to perform his essential job duties at Jungle Jim's.

171. Abu Halimeh is a member of a statutorily-protected class under Title VII.

172. Abu Halimeh was treated in a hostile way by supervisor Ross Carrol.

173. Abu Halimeh was not given a promotion he was meant to receive.

174. Jungle Jim's treated Abu Halimeh differently than other similarly situated employees based on his religion.

175. Jungle Jim's violated Title VII by discriminating against Abu Halimeh due to his religion.

176. Abu Halimeh's national origin was a determinative factor in Defendant's decisions to take multiple adverse actions against Abu Halimeh.

177. Abu Halimeh suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to Title VII.

178. As a direct and proximate result of Defendant's conduct, Abu Halimeh has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

### COUNT VI: RELIGIOUS DISCRIMINATION UNDER R.C. §4112, et seq.

179. Abu Halimeh restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

180. Throughout his employment, Abu Halimeh was fully competent to perform his essential job duties at Jungle Jim's.

181. Abu Halimeh is a member of a statutorily-protected class under R.C. § 4112 et seq.

182. Abu Halimeh was treated in a hostile way by supervisor Ross Carrol.

183. Abu Halimeh was not given a promotion he was meant to receive.

184. Jungle Jim's treated Abu Halimeh differently than other similarly situated employees based on his religion.

185. Jungle Jim's violated R.C. § 4112 et seq. by discriminating against Abu Halimeh due to his religion.

186. Abu Halimeh's national origin was a determinative factor in Defendant's decisions to take multiple adverse actions against Abu Halimeh.

187. Abu Halimeh suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112 et seq.

188. As a direct and proximate result of Defendant's conduct, Abu Halimeh has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

### COUNT VII: FAILURE TO PROMOTE BASED ON RACIAL DISCRIMINATION IN VIOLATION OF TITLE VII

189. Abu Halimeh restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

190. Abu Halimeh is Arabic, and thus is in a protected class for his race.

191. Title VII provides that it is an unlawful discriminatory practice for an employer to discriminate against an employee on the basis of the employee's race.

192. Defendant treated Abu Halimeh differently than other similarly situated employees based upon his race.

193. Abu Halimeh was expected to be promoted to Ross Carrol's former position as manager.

194. Defendant refused to promote Abu Halimeh to the managerial position.

195. Defendant hired a Caucasian person Tim LNU (outside Abu Halimeh's protected race class) instead of Abu Halimeh.

196. Defendant did not provide a reason for passing over Abu Halimeh for the promotion.

197. Defendant's failure to promote Abu Halimeh for the managerial position because of his race was an adverse employment action against him.

198. Abu Halimeh was qualified to work as a manager.

199. Defendant's purported reason(s) for failing to promote Abu Halimeh was pretextual.

200. Defendant actually chose not to promote Abu Halimeh because of his race.

201. Defendant violated Title VII by failing to promote Abu Halimeh because of his race.

202. Defendant violated Title VII by treating Abu Halimeh differently from other similarly situated employees outside his protected class.

203. Defendant violated Title VII by applying its employment policies in a disparate manner based on Abu Halimeh's race.

204. As a direct and proximate result of Defendant's acts and omissions, Abu Halimeh has suffered and will continue to suffer damages.

## COUNT VIII: FAILURE TO PROMOTE BASED ON RACIAL DISCRIMINATION IN VIOLATION OF R.C. §4112 et seq.

205. Abu Halimeh restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

206. Abu Halimeh is Arabic, and thus is in a protected class for his race.

207. R.C. § 4112 et seq. provides that it is an unlawful discriminatory practice for an employer to discriminate against an employee on the basis of the employee's race.

208. Defendant treated Abu Halimeh differently than other similarly situated employees based upon his race.

209. Abu Halimeh was expected to be promoted to Ross Carrol's former position as manager.

210. Defendant refused to promote Abu Halimeh to the managerial position.

211. Defendant hired a Caucasian person Tim LNU (outside Abu Halimeh's protected race class) instead of Abu Halimeh.

212. Defendant did not provide a reason for passing over Abu Halimeh for the promotion.

213. Defendant's failure to promote Abu Halimeh for the managerial position because of his race/national origin was an adverse employment action against him.

214. Abu Halimeh was qualified to work as a manager.

215. Defendant's purported reason(s) for failing to promote Abu Halimeh was pretextual.

216. Defendant actually chose not to promote Abu Halimeh because of his race.

217. Defendant violated R.C. § 4112 et seq. by failing to promote Abu Halimeh because of his race.

218. Defendant violated R.C. § 4112 et seq. by treating Abu Halimeh differently from other similarly situated employees outside his protected class.

219. Defendant violated R.C. § 4112 et seq. by applying its employment policies in a disparate manner based on Abu Halimeh's race.

220. As a direct and proximate result of Defendant's acts and omissions, Abu Halimeh has suffered and will continue to suffer damages.

## COUNT IX: FAILURE TO PROMOTE BASED ON NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF TITLE VII

221. Abu Halimeh restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

222. Abu Halimeh is Middle Eastern, and thus is in a protected class for his national origin.

223. Title VII provides that it is an unlawful discriminatory practice for an employer to discriminate against an employee on the basis of the employee's national origin.

224. Defendant treated Abu Halimeh differently than other similarly situated employees based upon his national origin.

225. Abu Halimeh was expected to be promoted to Ross Carrol's former position as manager.

226. Defendant refused to promote Abu Halimeh to the managerial position.

227. Defendant hired an American person Tim LNU (outside Abu Halimeh's protected national origin class) instead of Abu Halimeh.

228. Defendant did not provide a reason for passing over Abu Halimeh for the promotion.

229. Defendant's failure to promote Abu Halimeh for the managerial position because of his national origin was an adverse employment action against him.

230. Abu Halimeh was qualified to work as a manager.

231. Defendant's purported reason(s) for failing to promote Abu Halimeh was pretextual.

232. Defendant actually chose not to promote Abu Halimeh because of his national origin.

233. Defendant violated Title VII by failing to promote Abu Halimeh because of his national origin.

234. Defendant violated Title VII by treating Abu Halimeh differently from other similarly situated employees outside his protected class.

235. Defendant violated Title VII by applying its employment policies in a disparate manner based on Abu Halimeh's national origin.

236. As a direct and proximate result of Defendant's acts and omissions, Abu Halimeh has suffered and will continue to suffer damages.

## COUNT X: FAILURE TO PROMOTE BASED ON NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF R.C. §4112 et seq.

237. Abu Halimeh restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

238. Abu Halimeh is Middle Eastern, and thus is in a protected class for his national origin.

239. R.C. § 4112 et seq. provides that it is an unlawful discriminatory practice for an employer to discriminate against an employee on the basis of the employee's national origin.

240. Defendant treated Abu Halimeh differently than other similarly situated employees based upon his national origin.

241. Abu Halimeh was expected to be promoted to Ross Carrol's former position as manager.

242. Defendant refused to promote Abu Halimeh to the managerial position.

243. Defendant hired an American person Tim LNU (outside Abu Halimeh's protected national origin class) instead of Abu Halimeh.

244. Defendant did not provide a reason for passing over Abu Halimeh for the promotion.

245. Defendant's failure to promote Abu Halimeh for the managerial position because of his national origin was an adverse employment action against him.

246. Abu Halimeh was qualified to work as a manager.

247. Defendant's purported reason(s) for failing to promote Abu Halimeh was pretextual.

248. Defendant actually chose not to promote Abu Halimeh because of his national origin.

249. Defendant violated R.C. § 4112 et seq. by failing to promote Abu Halimeh because of his national origin.

250. Defendant violated R.C. § 4112 et seq. by treating Abu Halimeh differently from other similarly situated employees outside his protected class.

251. Defendant violated R.C. § 4112 et seq. by applying its employment policies in a disparate manner based on Abu Halimeh's national origin.

252. As a direct and proximate result of Defendant's acts and omissions, Abu Halimeh has suffered and will continue to suffer damages.

## COUNT XI: FAILURE TO PROMOTE BASED ON RELIGIOUS DISCRIMINATION IN VIOLATION OF TITLE VII

253. Abu Halimeh restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

254. Abu Halimeh is Muslim, and thus is in a protected class for his religion.

255. Title VII provides that it is an unlawful discriminatory practice for an employer to discriminate against an employee on the basis of the employee's religion.

256. Defendant treated Abu Halimeh differently than other similarly situated employees based upon his religion.

257. Abu Halimeh was expected to be promoted to Ross Carrol's former position as manager.

258. Defendant refused to promote Abu Halimeh to the managerial position.

259. Defendant hired a Christian person Tim LNU (outside Abu Halimeh's protected religious class) instead of Abu Halimeh.

260. Defendant did not provide a reason for passing over Abu Halimeh for the promotion.

261. Defendant's failure to promote Abu Halimeh for the managerial position because of his religion was an adverse employment action against him.

262. Abu Halimeh was qualified to work as a manager.

263. Defendant's purported reason(s) for failing to promote Abu Halimeh was pretextual.

264. Defendant actually chose not to promote Abu Halimeh because of his religion.

265. Defendant violated Title VII by failing to promote Abu Halimeh because of his religion.

266. Defendant violated Title VII by treating Abu Halimeh differently from other similarly situated employees outside his protected class.

267. Defendant violated Title VII by applying its employment policies in a disparate manner based on Abu Halimeh's religion.

268. As a direct and proximate result of Defendant's acts and omissions, Abu Halimeh has suffered and will continue to suffer damages.

## COUNT XII: FAILURE TO PROMOTE BASED ON RELIGIOUS DISCRIMINATION IN VIOLATION OF R.C. §4112 et seq.

269. Abu Halimeh restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

270. Abu Halimeh is Muslim, and thus is in a protected class for his religion.

271. R.C. § 4112 et seq. provides that it is an unlawful discriminatory practice for an employer to discriminate against an employee on the basis of the employee's religion.

272. Defendant treated Abu Halimeh differently than other similarly situated employees based upon his religion.

273. Abu Halimeh was expected to be promoted to Ross Carrol's former position as manager.

274. Defendant refused to promote Abu Halimeh to the managerial position.

275. Defendant hired a Christian person Tim LNU (outside Abu Halimeh's protected religious class) instead of Abu Halimeh.

276. Defendant did not provide a reason for passing over Abu Halimeh for the promotion.

277. Defendant's failure to promote Abu Halimeh for the managerial position because of his race/national origin was an adverse employment action against him.

278. Abu Halimeh was qualified to work as a manager.

279. Defendant's purported reason(s) for failing to promote Abu Halimeh was pretextual.

280. Defendant actually chose not to promote Abu Halimeh because of his religion.

281. Defendant violated R.C. § 4112 et seq. by failing to promote Abu Halimeh because of his religion.

282. Defendant violated R.C. § 4112 et seq. by treating Abu Halimeh differently from other similarly situated employees outside his protected class.

283. Defendant violated R.C. § 4112 et seq. by applying its employment policies in a disparate manner based on Abu Halimeh's religion.

284. As a direct and proximate result of Defendant's acts and omissions, Abu Halimeh has suffered and will continue to suffer damages.

## COUNT XIII: RETALIATORY DISCRIMINATION

285. Abu Halimeh restates each and every prior paragraph of this complaint, as if it were fully restated herein.

286. As a result of the Defendant's discriminatory conduct described above, Abu Halimeh complained about the racial, religious, and national origin discrimination he was experiencing.

287. Subsequent to Abu Halimeh reporting of disparate and negative treatment based on his protected classes to his supervisor, Abu Halimeh's employment was terminated.

288. Defendant's actions were retaliatory in nature based on Abu Halimeh 's opposition to the unlawful discriminatory conduct.

289. Pursuant to R.C. §4112 et seq., the ADA, and Title VII,  it is an unlawful discriminatory practice to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice.

290. Abu Halimeh suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages.

291. As a direct and proximate result of Defendant's retaliatory discrimination against and termination of Abu Halimeh, he suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

### DEMAND FOR RELIEF

WHEREFORE, Abu Halimeh demands from Defendant the following:

    a) Issue a permanent injunction:

        i.   Requiring Defendant to abolish discrimination, harassment, and retaliation;

        ii.   Requiring allocation of significant funding and trained staff to implement all changes within two years;

        iii.   Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees;

        iv.   Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

      v.     Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

b)  Issue an order requiring Defendant to expunge Abu Halimeh's personnel file of all negative documentation;

c)  An award against each Defendant for compensatory and monetary damages to compensate Abu Halimeh for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

d)  An award of punitive damages against each Defendant in an amount in excess of $25,000;

e)  An award of reasonable attorneys' fees and non-taxable costs for Abu Halimeh's claims as allowable under law;

f)  An award of the taxable costs of this action; and

g)  An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,


   /s/ Evan R. McFarland
Evan R. McFarland (0096953)
Matthew G. Bruce (0083769)
     Trial Attorney
Brianna R. Carden (0097961)
**THE SPITZ LAW FIRM, LLC**
Spectrum Office Tower
11260 Chester Road, Suite 825
Cincinnati, OH 45246
Phone: (216) 291-0244 x173
Fax:   (216) 291-5744
Email: Matthew.Bruce@SpitzLawFirm.com
Email: Evan.McFarland@SpitzLawFirm.com
Email: Brianna.Carden@SpitzLawFirm.com

Attorneys for Plaintiff Ghassan Abu Halimeh


## JURY DEMAND

Plaintiff Ghassan Abu Halimeh demands a trial by jury by the maximum number of jurors permitted.

    /s/ Evan R. McFarland
Evan R. McFarland (0096953)

FILED
MARY L. SWAIN
BUTLER COUNTY
CLERK OF COURTS
06/27/2022 11:07 AM
CV 2022 06 1092

**APPENDIX D (L.R. 5.04)**

**IN THE COURT OF COMMON PLEAS, BUTLER COUNTY, OHIO**

Ghassan Abu Halimeh

               Plaintiff,         :    CASE NO:

                             :

vs.                         :    **<u>DOCKET STATEMENT</u>**

              Defendant    :

Jungle Jim's Market, Inc.

                      : : : : : : : :

<u>Type of Claim</u>

- ◯ Professional Tort
- ◯ Product Liability
- ◯ Other Torts
- ◯ Workers Compensation
- ◯ Foreclosure
- ◯ Administrative Appeal
- ◉ Other Civil

Do you know any reason this matter should not be set for report within one hundred eighty (180) days of this date?  Yes_____No__X____

If yes, what are the grounds?

_____

_____

                                Matthew G. Bruce
                               _____
                               Attorney

                               Ghassan Abu Halimeh
                               _____
                               (For)



FILED
MARY L. SWAIN
BUTLER COUNTY
CLERK OF COURTS
06/27/2022 11:07 AM
CV 2022 06 1092

**PROVIDE SERVICE TO THIS INDIVIDUAL:**

NAME: Jungle Jim's Market, Inc.

ADDRESS: 5440 Dixie Highway

CITY: Fairfield  STATE: OH  ZIP: 45014

Today's Date: June 27, 2022  Case No.: _____

Plaintiff: Ghassan Abu Halimeh  -VS-  Defendant: Jungle Jim's Market, Inc.

# PRECIPE FOR SERVICE
## COURT OF COMMON PLEAS, BUTLER COUNTY, OHIO

TYPE OF SERVICE:

☒ Certified Mail  ☐ Ordinary Mail  ☐ Service By Attorney

☐ Appointed Process Server  ☐ Foreign County Sheriff  ☐ Personal Service by Butler County Sheriff

☐ Residence Service

**THE CLERK OF COURTS IS INSTRUCTED TO SERVE THE FOLLOWING DOCUMENTS:**
Timestamped Complaint

**REQUESTING ATTORNEY:**

NAME: Matthew G. Bruce

ADDRESS: 11260 Chester Rd, Suite 825

CITY: Cincinnati  STATE: OH  ZIP: 45246

PHONE: (216) 291-4744

GOVERNMENT SERVICES CENTER • 315 HIGH STREET • SUITE 550 • HAMILTON, OHIO 45011-6016

513-887-3278 • 513-887-3966 (fax) • clerkmail@butlercountyohio.org

www.butlercountyclerk.org



FILED
MARY L. SWAIN
BUTLER COUNTY
CLERK OF COURTS
06/27/2022 11:07 AM
CV 2022 06 1092

**PROVIDE SERVICE TO THIS INDIVIDUAL:**

NAME: Jungle Jim's Market, Inc.

ADDRESS: c/o Joan C Bonaminio, Statutory Agent

10 Fairwood Court

CITY: Fairfield　　STATE: OH　　ZIP: 45014

Today's Date: June 27, 2022　　Case No.:

Plaintiff: Ghassan Abu Halimeh　　-VS-　　Defendant: Jungle Jim's Market, Inc.

## PRECIPE FOR SERVICE
### COURT OF COMMON PLEAS, BUTLER COUNTY, OHIO

TYPE OF SERVICE:

☒ Certified Mail　　☐ Ordinary Mail　　☐ Service By Attorney

☐ Appointed Process Server　　☐ Foreign County Sheriff　　☐ Personal Service by Butler County Sheriff

☐ Residence Service

**THE CLERK OF COURTS IS INSTRUCTED TO SERVE THE FOLLOWING DOCUMENTS:**
Timestamped Complaint

**REQUESTING ATTORNEY:**

NAME: Matthew G. Bruce

ADDRESS: 11260 Chester Rd, Suite 825

CITY: Cincinnati　　STATE: OH　　ZIP: 45246

PHONE: (216) 291-4744

GOVERNMENT SERVICES CENTER • 315 HIGH STREET • SUITE 550 • HAMILTON, OHIO 45011-6016

513-887-3278 • 513-887-3966 (fax) • clerkmail@butlercountyohio.org

www.butlercountyclerk.org



**USPS CERTIFIED MAIL**

9214 8901 9403 8300 0081 1321 32

**MARY L. SWAIN**
Butler County Clerk of Courts
**IF UNDELIVERABLE**
**RETURN TO:**
Butler Co. Clerk of Courts
ATTN: Issuance
315 High Street, 5th Floor
Hamilton, Ohio 45011

**JUNGLE JIM`S MARKET, INC.**
**5440 DIXIE HIGHWAY**
**FAIRFIELD, OH 45014**

June 30, 2022

CV 2022 06 1092

Z000054267

By: Norma Martin



MARY L. SWAIN
BUTLER COUNTY CLERK OF COURTS
**IF UNDELIVERABLE
RETURN TO:**
Butler Co. Clerk of Courts
ATTN: Issuance
315 High Street, 5th Floor
Hamilton, Ohio 45011

## USPS CERTIFIED MAIL

9214 8901 9403 8300 0081 1321 49

**JUNGLE JIM`S MARKET, INC.
C/O JOAN C BONAMINIO
STATUTORY AGENT
10 FAIRWOOD COURT
FAIRFIELD, OH 45014**

-------------------------------------------------------------------------------

June 30, 2022

-------------------------------------------------------------------------------

CV 2022 06 1092

Z000054268                                                      By: Norma Martin



# MARY L. SWAIN
## BUTLER COUNTY CLERK OF COURTS

Z000054267

**JUNGLE JIM`S MARKET, INC.**
**5440 DIXIE HIGHWAY**
**FAIRFIELD, OH 45014**

---

Date:    June 30, 2022                           Case No. : CV 2022 06 1092
         GHASSAN ABU HALIMEH vs. JUNGLE JIM`S MARKET, INC.

---

### S U M M O N S   O N   C O M P L A I N T   B Y   C E R T I F I E D   M A I L
### C O U R T   O F   C O M M O N   P L E A S ,   B U T L E R   C O U N T Y ,   O H I O

To the above named party: You are hereby summoned to answer a complaint that has been filed against you in the Butler County Common Pleas Court by the plaintiff(s) named herein. A copy of the complaint is attached.

You are required to serve upon the plaintiff(s) attorney, or upon the plaintiff(s) if there is no attorney of record, a copy of your answer to the complaint within 28 days after receipt of this summons, exclusive of the day of service. The answer must be filed with this court within three days after service on Plaintiff's attorney.

The name and address of the plaintiff(s) attorney is as follows:

        BRUCE, MATTHEW G
        SPECTRUM OFFICE  TOWER,
        11260 CHESTER RD SUITE 825
        CINCINNATI, OH 45246

If you fail to appear and defend, judgment by default may be taken against you for the relief demanded in the complaint.

**MARY L. SWAIN**
Butler County Clerk of Courts

*Mary L. Swain*

By: <u>Norma Martin</u>
Deputy Clerk

---



## MARY L. SWAIN
### BUTLER COUNTY CLERK OF COURTS

Z000054268

**JUNGLE JIM`S MARKET, INC.**
**C/O JOAN C BONAMINIO**
**STATUTORY AGENT**
**10 FAIRWOOD COURT**
**FAIRFIELD, OH 45014**

---

Date:   June 30, 2022                    Case No. : CV 2022 06 1092
        GHASSAN ABU HALIMEH vs. JUNGLE JIM`S MARKET, INC.

---

### S U M M O N S   O N   C O M P L A I N T   B Y   C E R T I F I E D   M A I L
### C O U R T   O F   C O M M O N   P L E A S ,   B U T L E R   C O U N T Y ,   O H I O

To the above named party: You are hereby summoned to answer a complaint that has been filed against you in the Butler County Common Pleas Court by the plaintiff(s) named herein. A copy of the complaint is attached.

You are required to serve upon the plaintiff(s) attorney, or upon the plaintiff(s) if there is no attorney of record, a copy of your answer to the complaint within 28 days after receipt of this summons, exclusive of the day of service. The answer must be filed with this court within three days after service on Plaintiff's attorney.

The name and address of the plaintiff(s) attorney is as follows:

>       BRUCE, MATTHEW G
>       SPECTRUM OFFICE  TOWER,
>       11260 CHESTER RD SUITE 825
>       CINCINNATI, OH 45246

If you fail to appear and defend, judgment by default may be taken against you for the relief demanded in the complaint.

**MARY L. SWAIN**
Butler County Clerk of Courts

*Mary L. Swain*

By: <u>Norma Martin</u>
Deputy Clerk

---

GOVERNMENT SERVICES CENTER ● 315 HIGH STREET ● SUITE 550 ● HAMILTON, OHIO 45011-6016

BUTLER COUNTY CLERK OF COURTS
www.butlercountyclerk.org

 **UNITED STATES POSTAL SERVICE.**

## CV 2022 06 1092

Date Produced: 07/11/2022

Butler County, Ohio Clerk of Courts:

The following is the delivery information for Certified Mail™/RRE item number 9214 8901 9403 8300 0081 1321 49. Our records indicate that this item was delivered on 07/08/2022 at 10:56 a.m. in FAIRFIELD, OH 45014. The scanned image of the recipient information is provided below.

Signature of Recipient : 

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

This USPS proof of delivery is linked to the customers mail piece information on file as shown below:

JUNGLE JIM'S MARKET, INC.
C/O JOAN C BONAMINIO
STATUTORY AGENT
10 FAIRWOOD COURT
FAIRFIELD, OH 45014

---

USPS MAIL PIECE TRACKING NUMBER:  420450149214690194038300081132149
MAILING DATE:          06/30/2022
DELIVERED DATE:      07/08/2022
Case Number: CV 2022 06 1092
Tracking Number: Z000054268
Clerk By: Norma Martin

MAIL PIECE DELIVERY INFORMATION:

JUNGLE JIM'S MARKET, INC.
C/O JOAN C BONAMINIO
STATUTORY AGENT
10 FAIRWOOD COURT
FAIRFIELD, OH 45014

MAIL PIECE TRACKING EVENTS:

| Date/Time | Event | Location |
|---|---|---|
| 06/30/2022 12:58 | PRE-SHIPMENT INFO SENT  USPS AWAITS ITEM | HAMILTON,OH 45011 |
| 07/01/2022 21:52 | ORIGIN ACCEPTANCE | HAMILTON,OH 45011 |
| 07/01/2022 23:07 | PROCESSED THROUGH USPS FACILITY | CINCINNATI OH DISTRIBUTION CENT 45234 |
| 07/02/2022 00:03 | PROCESSED THROUGH USPS FACILITY | CINCINNATI OH DISTRIBUTION CENT 45234 |
| 07/08/2022 10:12 | NO AUTHORIZED RECIPIENT AVAILABLE | FAIRFIELD,OH 45014 |
| 07/08/2022 10:56 | DELIVERED LEFT WITH INDIVIDUAL | FAIRFIELD,OH 45014 |

FILED BUTLER CO.
COURT OF COMMON PLEAS

JUL 2 0 2022

MARY L. SWAIN
CLERK OF COURTS

---

## Courtview Tracking No.: Z000054268